# CHARLES DENNEHY & COMPANY v. ROBERTSON, SANDERSON, & COMPANY, LTD.

### TRADEMARKS; DESCRIPTIVE NAMES; PRIOR USE.

1. The words "Mountain Dew," when applied to whisky, are descriptive of the goods with which they are used, and are therefore not registerable as a trademark.

2. Registration of the words "Mountain Dew," as applied to whisky, is properly denied by the Commissioner of Patents under the ten-year clause of the trademark act of 1905, when it is shown that, during the ten years preceding the passage of the act, other manufacturers of whisky than the applicant have sold large quantities of whisky so branded, and advertised the brand in trade periodicals and agents' price lists. (Following *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428; *Natural Food Co.* v. *Williams*, 30 App. D. C. 348; *Brown-Forman Co.* v. *Beech Hill Distilling Co.* 30 App. D. C. 485; *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling* Co. 31 App. D. C. 223.)

No. 530.   Patent Appeals.   Submitted November 17, 1908.   Decided January 5, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for registration of a trademark.                                   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from the denial of registration to the words "Mountain Dew" as a trademark for whisky.

The application of Charles Dennehy & Company, a corporation, filed June 15, 1905, alleged the use of the words as a trademark for whisky in commerce among the States continuously since the year 1882. July 27, 1905, this application

was denied by the Examiner on the ground that "Mountain Dew" is a term commonly applied to and descriptive of whisky. December 21, 1905, applicant filed a substitute for the original, in which he alleged continuous and exclusive use of the words as a trademark for ten years next preceding the passage of the trademark act of February 20, 1905.

This application was passed for publication, and, later, an interference was declared between it and an application for registration of the same words, filed by Robertson, Sanderson, & Company, Limited, on November 23, 1905.  The latter, a firm engaged as liquor dealers in Leith, Scotland, claimed the use of the words as a trademark for Scotch whisky in Great Britain, since the year 1846, and also for trademark use in this country.  The evidence on their behalf showed the use in Great Britain, and one sale and shipment of a small lot of whisky with said brand to a grocery merchant in Philadelphia in February, 1883.  There was no evidence of any further shipments to this country until August, 1894, when they established an agency in the city of New York, and since which time, through said agents and their successors, they have sold large quantities of their goods, branded as aforesaid.  The brand was also advertised in trade journals and agents' price lists.

The evidence on behalf of Dennehy & Company showed that their predecessors in title to the trademark had commenced the use of the same in 1882, and had continuously used it in interstate trade since that time.

The Examiner of Interferences awarded priority to Dennehy & Company, and Robertson, Sanderson, & Company, appealed to the Commissioner.  It is unnecessary to state the grounds upon which he denied the effect of the foreign use by them, as they contented themselves, before the Commissioner, with opposing the registration of their opponents, and have not appealed from his decision denying registration to both parties.

*Mr. Arthur E. Wallace* for the appellant.

*Mr. Marcellus Bailey* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

As the Commissioner did not question the right of Dennehy & Company to claim registration, both as a technical trademark, and by reason of the ten years' use, under his substituted application, we will follow his example, but without intending to approve or disapprove the practice.   He considered, first, the right to registration as a technical trademark, and denied it for reasons stated in the following extract from his opinion:

"The question of whether the words 'Mountain Dew,' when applied to whisky, are 'descriptive of the goods with which they are used, or of the character or quality of such goods,' so as to render them ineligible to registration as a technical trademark under the first part of sec. 5, of the trademark act, will be considered first.   Judicial notice is taken of the fact that it is a matter of common knowledge that the term 'Mountain Dew' means whisky and is defined in the Century, Worcester, Webster, and Standard Dictionaries as follows:

" 'Mountain-dew.   Whisky, especially Highland whisky. [Scotch.]

" 'The shepherds who had all come down from the mountain heights and were collected together (not without a quench of the mountain-dew or water of life) in a large shed.   J. Wilson, Lights and Shadows of Scottish Life, p. 305.' (Century Dict. 1890 ed.)

" 'Mountain-dew.   Scotch Highland whisky that has paid no duty.' (Worcester Dict. 1865 & 1902 eds.)

" 'Mountain-dew.   Illicitly distilled whisky; so called from being very commonly made among the mountains.' (Standard Dict. 1895 ed.)

"It is unnecessary to cite others than these commonly accepted authorities which are conveniently at hand.   They show conclusively that the words 'Mountain-Dew' commonly mean whisky, or a particular kind of whisky."

He also referred to certain testimony of Dennehy to the effect that the trademark was suggested to him by an Irish sales-

man who said that "the words 'Mountain Dew,' in Ireland, are suggestive of whisky."

We agree with the Commissioner that the words "Mountain Dew," however fanciful the term may originally have been, are now generally recognized as meaning whisky; and we deem it unnecessary to add anything to his discussion.

The Commissioner was clearly right in denying registration under the "ten years clause" of the trademark act, because the evidence shows that the use by Dennehy & Company was not an actual, exclusive use of the same for ten years next preceding the passage of the trademark act. *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428, 431; *Natural Food Co.* v. *Williams,* 30 App. D. C. 348, 351; *Brown-Forman Co.* v. *Beech Hill Distilling Co.* 30 App. D. C. 485, 486; *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223, 227.

The decision must be affirmed. It is so ordered, and the clerk will certify this decision to the Commissioner of Patents, as required by the statute.                    *Affirmed.*